And our last case this morning is Brian Lax against Alejandro Mayorkas. This is the appellant, Michael Smith. All right, yes. Thank you, Mr. Smith. We can see you now and hear you. And I think we're ready to go, so you may proceed. Thank you, Your Honor. Good morning, Your Honor. Good morning, Counsel. I am appearing on behalf of Brian Lax, who is the appellant in this particular case. He was and still is a member of the Homeland Security and Department of FEMA. He is one of the first-line workers. He had an issue that caused him a mental impairment that caused a suspension and disciplinary action, and that was then appealed to the Equal Employment Opportunity, which is the EEO of the government. Upon having reviewed their issues with his complaint, they issued what they call a final agency decision, which is equivalent to probably a right to sue of the EEOC. We have proceeded then to file an action on his behalf under the rehabilitation case. The issue before this court now is the determination of the receipt of that final agency decision, which we were indicating he received on a date. And that date, unfortunately, he was unable to open the attachment to an e-mail and basically couldn't do it unless he was on a secured computer, which he did do the next day at his job, which then time-wise would have been 90 days for him to file his action before the court. The defendant has moved the fact that there's an e-mail that's mailed is of itself enough to say that it's received, which is sort of at odds with the safe harbor of the five days that the EEOC gives. I think there's probably the notice issue would be similar if they wanted to use the e-mail would be, such as with the state of Illinois, that in it, it says on the date of the mailing, which that leaves no doubt. In this particular case, it's becoming what is reasonable for the client to assume. And that's what we're looking for this court to potentially decide. Is an e-mail being received in of itself notice? Or is it basically that it's when he's able to look at the attachment and the rights that are with that e-mail? I have not much more to say in that particular issue because it's pretty straightforward for this court to make that decision. I know that the defendant wants to believe that just sending the e-mail without regard to the attachment is of itself enough. We believe that there's certainly the notice requirement should have an allowance for the employee to have an idea of what his rights are. I would at least hold my time at this point. All right. Thank you. Ms. North. May it please the court, counsel. The complaint in this case was late. We know that because the final agency decision with its notification of rights was e-mailed to Lacks on July 17, 2019. We also know that the document therein specified that that e-mail would begin the 90-day clock. And then we also know that Mr. Lacks did not file his complaint until 91 days later. That rendered the complaint time-barred. So this court should affirm for two reasons. And that's because none of the arguments or facts that Lacks raises changes the fact that the 90 days began to run on July 17, 2019. And second, because none of those facts or arguments creates a basis for equitable estoppel or tolling under the law. Turning to the start of the 90-day period, Lacks' primary argument regards the error message that he received when he opened the attachment or attempted to open the attachment to the e-mail on July 17, 2019. That doesn't change the running of the statute of limitations. It doesn't change it any more than when somebody opens a hard copy envelope containing the final agency action begins the 90-day period. And that's because statute of limitations would be untenable if they worked that way. The bright-line rule of the receipt of the e-mail or the receipt of mail is something that creates an ability for everyone to know when the 90-day period begins. And, in fact, here even the document attached when Mr. Lacks opened it the next day informed him that it was the sending of that e-mail on July 17, 2019 that began the 90-day period. Specifically, Mr. Smith mentioned a presumption that e-mails sent or received, there's no presumption required in this case. Lacks concedes that he received the e-mail on that day. Mr. Smith also raises the five-day period for mail. That doesn't apply to e-mail as discussed in the brief. E-mail is understood to be, in a general way, received immediately upon sending or soon thereafter. And so the five-day presumption doesn't exist with e-mail transmission. Mr. Smith also refers to U.S. mail as sort of a default and says the notion is that things should be mailed. However, the regulation at issue here does not say that. It simply measures the 90 days from receipt of the agency final action. It does not require mail. It does not require certified mail. It says receipt, and there was receipt here. Turning to the equitable tolling argument, none of these arguments create any inference that Mr. Lacks was prevented in any way from filing within the statutory period. He says he received the e-mail on July 17, and that he opened it on July 18, when there were still 89 days left for him to file his action. So equitable tolling, equitable estoppel does not apply in this case. I also just briefly want to respond to an argument made in reply that this should not have been decided on a motion to dismiss. In the record at 19, there was a motion to file the declaration that Mr. Lacks filed in Stenter. It said specifically that he was providing the facts and the documents in the declaration for reasons of efficiency and expedience and for purposes of ruling on the pending motion to dismiss. So he certainly has waived that argument, and he certainly cannot say that the district court abused its discretion in determining that it decide this on a motion to dismiss as opposed to summary judgment. Judge North, why isn't this case controlled by Threadgill v. Moore? In what way, Your Honor? Well, it addresses our case law has said that receipt is sufficient. Correct, Your Honor, exactly. I don't know why you don't emphasize that case, that's all. Oh, I'm sorry, Your Honor. It is controlled by that. It is also controlled by the case, the Houston against Sidley and Austin case that Mr. Smith cites in the reply brief. In hearing no further questions, I will simply ask the court to affirm. Thank you. Thank you. Mr. Smith, anything further? Oh, Mr. Smith, you're still on mute. It's hard to control these things on this Zoom. Can you hear me now? Yes. Sorry about that, Your Honor. I'm not much of an expert on Zoom. But I think counsel pointed out the issue that somehow the e-mail was a notification to Mr. Lanks that he had a right to sue. It doesn't say that. It says he's received a final agency decision, but it doesn't say what the rights of that final agency decision, which are really spelled out in the final agency decision. I believe that the fortuitous part of this is that, again, they want to use the 90 days just like the judge said. You could have filed within 89 days. Well, what's the purpose of having the timelines except for safe harbor? I think there's 35 days with the state of Illinois. Some provisions can change that. But in regards to the notice, I believe it's important for a client to have a semblance. All he knew was the final agency decision was coming. The oral notice of that certainly isn't satisfactory of his rights. I believe that this court could construct and come up with this new situation of the e-mails as to exactly how we as a counsel are to look at this in the future as we receive a lot of these government e-mails that starts the tolling. Whether the client may like it or not, he may not be at his computer. He may be off. He may be on a day off, and it doesn't assist him in calculating out the time. He has to assume that the receive means once it's in his computer, no matter what the circumstances are, those are received. And with that, I would hope that the court can find in favor of Brian and remand at least for the hearing in regards to this. All right. And for anything other, thank you. Thank you very much. Our thanks to both counsel. The case is taken under advisement, and that concludes our calendar for today. The court is in recess.